UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAUL NERWINSKI and MARSHA RICH, individually and on behalf of a class of all persons and entities similarly situated,

    Plaintiffs

vs.

ACURIAN, INC.

    Defendant

Case No. _____

CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiffs Paul Nerwinski and Marsha Rich ("Plaintiffs" or "Mr. Nerwinski" and "Ms. Rich") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Defendant Acurian, Inc. ("Defendant" or "Acurian") placed multiple pre-recorded telemarketing calls to the Plaintiffs' telephone numbers that were registered on the National Do Not Call Registry.

3. The Plaintiffs never consented to receive these calls.

4. Because telemarketing campaigns result in calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiffs bring this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of Acurian.

5.      A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.      Plaintiffs Paul Nerwinski and Marsha Rich are residents of this state.

7.      Defendant Acurian Insurance, Inc. is a nationwide enrollment and retention company that recruits individuals nationwide for medical trials and testing, and is a "person" as defined by 47 U.S.C. § 153 (39). The Defendant is a Delaware corporation with its principal place of business in North Carolina.

## JURISDICTION & VENUE

8.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) Defendant is a resident of this District of purposes of venue as it is subject to personal jurisdiction in this Court related to the Plaintiffs' claims.

## TCPA BACKGROUND

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11.     Through the TCPA, Congress outlawed telemarketing via unsolicited automated

or pre-recorded telephone calls ("robocalls"), finding:

> [T]elephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

### *The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's signed, written consent*

12.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

14.     A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

15.     The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

3

## FACTUAL ALLEGATIONS

*Acurian places pre-recorded telemarketing calls to the Plaintiffs*

16. Plaintiff Paul Nerwinski has previously placed his telephone number, (XXX) XXX-5641 on the National Do Not Call List, where it has been since **June 27, 2003**.

17. On January 29, 2014, and other dates prior to that, Plaintiff Paul Nerwinski received pre-recorded telephone telemarketing messages from the Defendant.

18. The pre-recorded message for Plaintiff Paul Nerwinski advertised arthritis pain relief services and requested that he "press 1" to speak with a live representative.

19. Plaintiff Paul Nerwinski did not press 1, because he was not interested in the services being offered on the call.

20. The phone calls came from the telephone number (855) 298-5382.

21. Plaintiff Marsha Rich has previously placed her telephone number, (XXX) XXX-7255 on the National Do Not Call List, where it has been since **August 30, 2003**.

22. On January 24 and January 25, 2014, Plaintiff Marsha Rich received pre-recorded telephone telemarketing messages from the Defendant.

23. The pre-recorded message for Plaintiff Marsha Rich was from Dr. Rick Malcolm at Acurian Health, and when the call was sent to the Plaintiff, there was no Caller ID information associated with the call, and it was able to infiltrate the Plaintiff's privacy filter setting on her phone designed to assist her avoid unwanted telephone calls.

24. The Plaintiffs never consented in any fashion to these telephone calls, and have no business relationship with this entity.

25. All of the calls were unwanted telemarketing solicitations.

4

26. Earlier this year, the Defendant received at least one Complaint about its company placing telemarketing calls in violation of the TCPA.

27. The Plaintiffs are not a customer of Defendant and have not provided Defendant with their personal information or telephone number.

## CLASS ACTION ALLEGATIONS

28. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

29. The class of persons Plaintiff proposes to represent with respect to Count I is tentatively defined as all persons within the United States whose phone numbers had been registered on the Do Not Call Registry for 31 days or longer, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, the Defendant.

30. The class of persons Plaintiff proposes to represent with respect to Count II is tentatively defined as all persons within the United States who received pre-recorded telephone calls advertising the Defendant's goods or services within the four years before the filing of the initial Complaint from, or on behalf of, the Defendant.

31. Excluded from the Classes are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

32. The classes as defined above is identifiable through phone records and phone number databases.

33. The potential classes are so numerous that individual joinder of these persons is impracticable.

34. Plaintiffs are a member of each of the classes.

35. There are questions of law and fact common to Plaintiffs and to the proposed classes including but not limited to the following:

    a. Whether Acurian violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

    b. Whether the telemarketing calls made by Acurian were pre-recorded solicitations;

    c. Whether Acurian has any defense(s) to engaging in a telemarketing campaign to individuals on the National Do Not Call Registry;

    d. Whether the Plaintiffs and classes are entitled to statutory damages as a result of Acurian's actions.

36. Plaintiffs' claims are typical of the claims of class members.

37. The Plaintiffs are an adequate representative of the classes because their interests do not conflict with the interests of the classes, they will fairly and adequately protect the interests of the classes, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

38. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

39. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

40. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for both of the class memberships described above.

## LEGAL CLAIMS

### COUNT I

### VIOLATION OF THE TCPA'S DO NOT CALL PROVISIONS

41. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

42. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

43. The Defendant's violations were negligent and/or knowing.

### COUNT II

### VIOLATION OF THE TCPA'S PROVISIONS AGAINST PRE-RECORDED TELEMARKETING

44. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

45. The Defendant violated the TCPA by (a) initiating a telephone call using a prerecorded voice to the Plaintiffs.

46. The Defendant's violations were negligent and/or knowing.

### COUNT III

### INJUNCTIVE RELIEF TO BAR FUTURE TCPA VIOLATIONS

47. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

48. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

49. The Plaintiffs respectfully petition this Court to order the Defendant and their employees, agents, and all other persons or entities working on their behalf to make these calls to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## RELIEF SOUGHT

For himself and all class members, Plaintiffs request the following relief:

1. That Acurian be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Acurian, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3. That the Court certify the claims of the named Plaintiffs under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiffs and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing violation.

5. That the Plaintiffs and all class members be granted other relief as is just and equitable under the circumstances.

Dated: November 6, 2014

Respectfully submitted,

*/s/ Tim Howard*_____
Tim Howard, J.D., Ph.D.
Florida Bar No.: 655325

**HOWARD & ASSOCIATES, P.A.**
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
Telephone: (850) 298-4455
Fax: (850) 216-2537
tim@howardjustice.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*

## JURY DEMAND

Plaintiff demands trial by jury.